# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE CASTELLANOS, Individually, and as Independent Executor of the Estate of ESAU CASTELLANOS, Deceased, LUIS CASTELLANOS and GABRIELLA CASTELLANOS, minor children of ESAU CASTELLANOS, | ) ) ) ) ) ) | Case No. 14 C 1841 |
| | ) ) | The Hon. John W. Darrah |
| Plaintiffs, | ) ) | Magistrate Judge Kim |
| vs. | ) ) | |
| CHICAGO POLICE OFFICER SHAWN LAWRYN, CHICAGO POLICE OFFICER JUAN MARTINEZ, and CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT OFFICERS' PARTIAL MOTION TO DISMISS

Defendant Officers Shawn Lawryn and Juan Martinez (hereinafter, "Defendants"), by and through one of their attorneys, Jill K. Russell, hereby moves to dismiss Counts III and V of Plaintiff's Complaint and further moves to dismiss Luis Castellanos and Gabriella Castellanos as Plaintiffs to this action.   In support of this motion, Defendants state as follows:

**A.    Plaintiffs Luis Castellanos and Gabriella Castellanos are not proper Plaintiffs this action.**

Plaintiffs' Complaint improperly includes the individual minor children, Luis Castellanos and Gabriella Castellanos, as parties to each Count.   Neither Luis nor Gabriella Castellanos has standing to bring such a claim.   For instance, Count I is a wrongful death claim brought by both Michelle Castellanos, the executor of Plaintiff's Estate, as well as the two individual minor children. However, "[a] wrongful death action must be brought by, and in the name of, the representative or administration of the decedent's estate, and 'it is the administrator who possesses

the sole right of action or control over the suit." *Cushing v. Greyhound Lines, Inc.*, 965 N.E.2d 1215, 1231 (1st Dist. 2012) (*citing Will v. Northwestern Univ.*, 881 N.E.2d 481 (1st Dist. 2007). Furthermore, "estate beneficiaries of a wrongful death action are not 'parties' of record in their individual capacities to the suit [and] have no right of control over the suit..." *Id.* As a result, Plaintiffs Luis Castellanos and Gabriella Castellanos are not proper parties to this Count and must be dismissed. To the extent that they were entitled to recovery, they will recover as beneficiaries of the Estate of Esau Castellanos, who is the proper Plaintiff to this action.

The same holds true for the remaining Counts of the Complaint. These Counts are, including excessive force, are presumably brought under the Illinois Survival Act, 755 ILCS 5/27-6, which allows the representative of a decedent to maintain actions on the decedent's behalf that accrued prior to the decedent's death. *Wilmere v. Stibolt,* 504 N.E.2d 916, 917 (1st Dist. 1987). However, in Illinois, "[o]nly the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act." *Abiola v. Abubakar,* 02 C 6093, 2003 WL 22012220, *2 (N.D. Ill. Aug. 25, 2003) (*citing Wilmere,* 504 N.E.2d at 918. As a result, Plaintiffs Luis Castellanos and Gabriella Castellanos are not proper parties to the remaining counts and must be dismissed.

**b.      Plaintiffs' "Survival Action" must be dismissed as no such action exists under Illinois Law.**

Plaintiffs further attempt to plead a Count for "Survival Action" in Count V of the Complaint. However, no such action exists under Illinois Law. Defendants assume that this Count references the Illinois Survival Act, 755 ILCS 5/27-6. However, as noted above, the Illinois Survival Act, 755 ILCS 5/27-6, does not create a cause of action—it merely allows the representative of a decedent to maintain actions on the decedent's behalf that accrued prior to the decedent's death. *See Wilmere*, 504 N.E.2d at 917; *see also Hudkins v. Egan*, 364 Ill.App.3d 587,

592 (2d. Dist. 2006).   A cause of action under the Survival Act is, in fact, no cause of action at all, as the act is a mere means to maintain claims that accrued prior to the decedent's death.  *Id.*   As a result, this claim must be dismissed.

      **c.**       **Count III for "Punitive Damages" is not a separate cause of action.**

Plaintiffs also attempt to assert a claim for "punitive damages."   This is no cause of action at all but rather an element of relief sought in the other claims.  *See Walker v. City of Detroit*, 10 C 13179, 2010 WL 4259835, *1 (Oct. 25, 2010).    Although Defendants admit that Plaintiffs can plead punitive damages as an element of the relief sought in their other claims, punitive damages is not a separate claim—thus, said Count should be dismissed.

Wherefore, Defendants request that this Court dismiss Plaintiffs Gabriella and Luis Castellanos as parties to this action, dismiss Counts III and V, and grant any other relief it deems just and proper.

Dated:   May 30, 2014

                                   Respectfully submitted,

                                     /s/ Jill K. Russell
                                   Jill K. Russell
                                   Assistant Corporation Counsel
                                   City of Chicago Department of Law
                                   30 N. LaSalle, Suite 900
                                   Chicago, IL 60602
                                   (312) 742-7030

                                   Attorney for Defendant Officers Shawn Lawryn and Juan Martinez

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2014, I electronically filed the foregoing using the

CM/ECF system, which will send notification of such filing to all counsel of record.


                                                       /s/ Jill K. Russell