IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE CASTELLANOS, Individually, and as Independent Executor of the Estate of ESAU CASTELLANOS, Deceased, LUIS CASTELLANOS and GABRIELLA CASTELLANOS, minor children of ESAU CASTELLANOS,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CHICAGO POLICE OFFICER SHAWN LAWRYN, CHICAGO POLICE OFFICER JUAN MARTINEZ, and CITY OF CHICAGO, a Municipal Corporation,<br><br>　　　　　　　Defendant. | Case No. 14 C 1841<br><br>The Hon. John W. Darrah<br><br>Magistrate Judge Kim |

## DEFENDANT OFFICERS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Officers Shawn Lawryn and Juan Martinez (hereinafter, "Defendants"), through one of their attorneys, for their answer, affirmative defenses and jury demand to Plaintiffs' Complaint, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**ANSWER**: Defendants admit this action was filed pursuant to 42 U.S.C. Section 1983 for allegations Plaintiffs are asserting against the City of Chicago and Chicago Police Officers Juan Martinez and Shawn Lawryn. Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 1343. Defendants deny that Plaintiff's constitutional rights were violated and

1

further deny any wrongdoing.

2. Venue in this district is proper pursuant to 28 U.S.C. Sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**ANSWER**: Admitted.

3. Plaintiffs decedent, ESAU CASTELLANOS, was an individual in the United States. He is represented in this action by MICHELLE S. CASTELLANOS, his adult daughter, and the Independent Administrator of the Estate of Esau Castellanos, on behalf of Michelle S. Castellanos, individually and on behalf of Luis Castellanos and Gabriella Castellanos, the minor children of ESAU CASTELLANOS. MICHELLE S. CASTELLANOS is the duly appointed Independent Administrator of plaintiffs Estate.

**ANSWER**: Defendants admit at the time of his death, Esau Castellanos was an individual in the

United States. Defendants lack sufficient information or knowledge upon which to form a belief

as to the truth or falsity of the remaining allegations contained herein.

4. Defendant, CHICAGO POLICE OFFICER SHAWN LAWRYN ("LAWRYN") and CHICAGO POLICE OFFICER JUAN MARTINEZ ("MARTINEZ"), were at all times material hereto duly appointed Chicago Police Officers employed by the CITY OF CHICAGO acting in the capacity of sworn law enforcement officials.

**ANSWER**: Admitted.

5. Defendant, the CITY OF CHICAGO (the "CITY") is, and at all times material hereto was, a municipal corporation duly organized and existing under the laws of the State of Illinois, located in Cook County, Illinois.

**ANSWER**: Admitted.

## FACTUAL SUMMARY

6. On March 16, 2013, at approximately 2:55 a.m. ESAU CASTELLANOS was driving in a car which was proceeding eastbound on Wilson Avenue at or about Kimball Avenue and east of Kimball in Chicago, Illinois.

**ANSWER**: Admitted.

7. As the plaintiff's vehicle proceeded eastbound there was ultimately a series of auto collisions.

**ANSWER**: Admitted.

8. During the course of the above-stated events and after, Defendants, LAWRYN and MARTINEZ during the course of their employment did shoot Plaintiffs decedent multiple times causing his death.

**ANSWER**: Defendants admit that at all times relevant to the complaint, they were acting in the course of their employment. Defendants admit that each of them fired their weapons in the direction of Plaintiff, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made and contained in this paragraph.

9. Defendants, LAWRYN and MARTINEZ, claimed to have been shot at and actually hit by Plaintiffs decedent, ESAU CASTELLANOS. However, ESAU CASTELLANOS did not have a gun. Upon information and belief, Defendants protective vests were inventoried and no such bullet hole exists.

**ANSWER**: Defendants admit they believed they were shot at during their interaction with Esau Castellanos. Defendant Martinez denies his vest was inventoried. Defendant Lawryn admits that his vest was inventoried. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made and contained in this paragraph.

10. After being shot by police multiple times Plaintiffs decedent was handcuffed by Defendants to the steering wheel of the car that he had been driving. Plaintiff's decedent was later determined by the Cook County Medical Examiner/Coroner Certificate of Death to be the victim of a homicide caused by being shot by Chicago Police.

**ANSWER**: Defendants deny handcuffing plaintiff to the steering wheel. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

11. The CITY, through the Chicago Police Department, and pursuant to various Chicago Police Department policies and procedures, conducted a purported investigation of the shooting of ESAU CASTELLANOS and continue to do so.

**ANSWER**: Defendants admit that an investigation was started and lack sufficient knowledge or

3

information upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

12. The purported investigation of the shooting of ESAU CASTELLANOS as conducted by the Chicago Police Department, pursuant to the policies and procedures of the Chicago Police Department is believed to be still under investigation.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained herein.

## COUNT I
### (Excessive Force LAWRYN and MARTINEZ)

13. Plaintiffs realleges paragraphs 1 through 12, as if fully set forth at this point.

**ANSWER**: Defendants restate their answers to paragraphs 1-12 of Plaintiffs' Complaint as and for their answers to this paragraph as if fully set forth herein.

14. The acts of the Defendants, LAWRYN and MARTINEZ, were a deliberate and malicious deprivation of Plaintiff's Decedent, ESAU CASTELLANOS' Constitutional rights as guaranteed to the Plaintiff's Decedent by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

**ANSWER**: Denied.

15. As a direct and proximate result of the wrongful acts of Defendants, LAWRYN and MARTINEZ, suffered great bodily injury, which resulted in his death.

**ANSWER**: Defendants admit Esau Castellanos died but deny their acts were wrongful as well as the remaining allegations contained in this paragraph because these allegations constitute a legal conclusion and contains a vague, incomplete, and/or inaccurate statement of law.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor against Plaintiff, including for costs for defending this suit, and enter any judgment this Court deems just and proper.

## COUNT II
### (Wrongful Death)

16. Plaintiffs re-allege paragraphs 1-12 of Plaintiffs' complaint, as if fully set forth at this point.

**ANSWER**: Defendants restate their answers to paragraphs 1-12 of Plaintiffs' Complaint as and for their answers to this paragraph as if fully set forth herein.

17. That on March 16, 2013 and for sometime prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 18011-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

**ANSWER**: Defendants deny that Plaintiffs have stated the law fully and accurately, but admit that the Illinois Wrongful Death Act was in effect on March 16, 2013.

18. That MICHELLE S. CASTELLANOS, the adult daughter of ESAU CASTELLANOS, has been appointed Independent Administrator of the Estate of ESAU CASTELLANOS on behalf of herself as the adult daughter of ESAU CASTELLANOS, and on behalf of LUIS A CASTELLANOS and GABRIELLA CASTELLANOS, the minor children of ESAU CASTELLANOS, for the purpose of prosecuting this action.

**ANSWER**: Defendants admit that Michelle Castellanos purports to be the Independent Administrator of the Estate of Esau Castellanos. Defendants deny that Luis Castellanos and

Gabriella Castellanos are proper Plaintiffs in this action, as only an estate is permitted to file suit under the Illinois Wrongful Death Act. *See* Defendants' Partial Motion to Dismiss. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made and contained in this Paragraph.

19. That ESAU CASTELLANOS, deceased, left surviving, his adult daughter, MICHELLE CASTELLANOS, his minor son, LUIS A. CASTELLANOS, and his minor daughter, GABRIELLA CASTELLANOS, who as a consequence of said acts or omissions of the defendants, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

**ANSWER**: Defendants deny Plaintiffs suffered injuries as result of their actions and lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor against Plaintiff, including for costs for defending this suit, and enter any judgment this Court deems just and proper.

### COUNT III
**(Punitive Damages)**

20. Plaintiffs re-allege paragraphs 1-12 of Plaintiffs' complaint, as if fully set forth at this point.

**ANSWER**: Defendants deny that punitive damages is an action unto itself and therefore submit that this action is improper as a separate count of the Complaint. *See* Defendants' Partial Motion to Dismiss. Defendants restate their answers to paragraphs 1-12 of Plaintiffs' Complaint as and for their answer to this paragraph as if fully set forth herein.

21. The acts of Defendants, LAWRYN and MARTINEZ, were committed with actual malice and/or oppression with an utter indifference to or conscious disregard for the safety of the Plaintiff.

**ANSWER**:   Defendants deny that punitive damages is an action unto itself and therefore submit that this action is improper as a separate count of the Complaint.   *See* Defendants' Partial Motion to Dismiss. Defendants further deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor against Plaintiff, including for costs for defending this suit, and enter any judgment this Court deems just and proper.

### COUNT IV
### (City of Chicago)

Defendants make no answer to this Count as it is directed solely at Defendant City of Chicago.

### COUNT V
### (Survival Action - All Defendants)

*See* Defendants' Partial Motion to Dismiss.

### COUNT VI
### (State Law Claim: Indemnification)

39.  Plaintiffs re-allege and incorporate paragraphs 1 through 38 above as if fully stated herein.

**ANSWER**:   Defendants restate their answers to paragraphs 1-38 of Plaintiffs' Complaint as and for their answers to this paragraph as if fully set forth herein.

40.  In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for conduct committed within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

41.  The Defendants, LAWRYN and MARTINEZ were employees of the CITY and, at all times relevant hereto, was acting within the scope of his employment as a sworn police officer when he committed the misconduct described herein.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

42. Defendant, the CITY, is thereby liable for any sum awarded to Plaintiff for compensatory damages, fees and costs, for misconduct alleged herein.

**ANSWER**: Defendants make no answer as this allegation is directed at the City of Chicago.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor against Plaintiff, including for costs for defending this suit, and enter any judgment this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officers Lawryn and Martinez were and are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers Lawryn and Martinez, could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers Lawryn and Martinez possessed. Therefore, they are entitled to qualified immunity on Plaintiffs' 42 U.S.C. § 1983 claims.

2. Defendant Officers Lawryn and Martinez were working as police officers at the time of this incident. Therefore, as to all state law claims alleged under the Illinois Tort Immunity Act, Defendant Officers Lawryn and Martinez are not liable for these claims because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. To the extent that Defendant Officers Lawryn and Martinez were public employees serving in a position involving the determination of policy or the exercise of discretion they are not liable for any of the claims alleged because the decision to pursue the decedent was a discretionary

decision for which Defendant Officers Lawryn and Martinez are immune from liability. 745 ILCS 10/2-202.

4. As to any state law claims alleged, a public employee, acting within the scope of his employment is not liable for any injury caused by the act or omission or another person. 745 ILCS 10/2-204.

5. Plaintiffs are not entitled to attorney's fees for their state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill.App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

6. To the extent Plaintiffs failed to mitigate any of their injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by the application of the principle that Plaintiffs had a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

7. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Esau Castellanos or Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Esau Castellanos or Plaintiff by the jury in this case.

## JURY DEMAND

Defendants demand a trial by jury.

Dated: May 30, 2014						Respectfully submitted,

							  /s/ Jill K. Russell
							Jill K. Russell
							Assistant Corporation Counsel
							City of Chicago Department of Law
							30 N. LaSalle, Suite 900
							Chicago, IL 60602
							(312) 742-7030

							Attorney for Defendant Officers Shawn Lawryn and Juan Martinez

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

							  /s/ Jill K. Russell