IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE CASTELLANOS, Individually and as Independent Executor for the Estate of ESAU CASTELLANOS, Deceased, LUIS CASTELLANOS and GABRIELLA CASTELLANOS, minor children of ESAU CASTELLANOS, <br><br>    Plaintiffs, <br><br>    v. <br><br>CHICAGO POLICE OFFICER SHAWN LAWRYN, CHICAGO POLICE OFFICER JUAN MARTINEZ and CITY OF CHICAGO, a Municipal Corporation, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 14 C 1841 <br><br>Judge John W. Darrah <br><br>Magistrate Judge Young B. Kim |

## DEFENDANT CITY OF CHICAGO'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO DISMISS

Defendant City of Chicago ("the City"), by Stephen R. Patton, Corporation Counsel of the City of Chicago, for its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id*. *Iqbal* goes on to state that legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth. *Id*. at 678-79.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. (internal citations omitted)

A Rule 12(c) motion is evaluated by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir.2014) (citing *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir.2007)).

Plaintiffs allege liability against the City in a case where Esau Castallanos was fatally shot by two of its police officers. However, Plaintiff's Complaint is defective in several key respects.

The City here incorporates all the facts, law and arguments cited by Defendant Officers in their partial motion to dismiss. Dkt. 13. The City adds that it cannot be held liable for any claims for which its employees are not liable. See 745 ILCS 10/2-109; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Nor can a city be held liable for punitive damages at all. See *City of Newport v. Facts Concerts, Inc.,* 435 U.S. 247, 269 (1981); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) The City therefore joins in asking this Court to dismiss plaintiffs Luis and Gabriella Castellanos from this lawsuit, dismissing Plaintiffs' "Survival Action," and dismissing Plaintiffs' claim for "Punitive Damages."

Plaintiff also pleads what appears to be a claim against the City under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). See Count IV of Plaintiffs' Complaint.

However, the allegations contained in Count IV are nothing more than than the conclusory allegations, boilerplate language and recitations of the elements of a claim, which *Iqbal* found insufficient. To state a *Monell* claim in a post-*Iqbal* pleading regime, a plaintiff must plead factual content to allow the court to draw the reasonable inference that the City maintains the problematic policy or practice in question. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In *McCauley*, the Seventh Circuit applied *Iqbal* to a *Monell* case and found those claims wanting because it found the bulk of the alleged facts to be legal conclusions. *Id*. The pleading requirements of *Iqbal* require "the plaintiff to 'provide some specific facts' to support the legal claims asserted in the complaint." *Id*. (citations and brackets omitted) The degree of specificity required is not easily quantified, but 'the plaintiff must give enough detail about the subject-matter of the case to present a story that holds together.'" *Id*. (citation omitted). The required level of factual specificity rises with the level of the claim. *Id*. at 616-617.

Indeed, Plaintiffs' allegation against the City in Count IV rests on the notion that the detective division investigates shootings under a conflict of interest. Complaint at ¶ 27. However, Chapter 2-57 of the Municipal Code of Chicago shows that this to be incorrect. Instead, at all times relevant to the lawsuit, the Independent Police Review Authority investigated officer-involved shootings. Because Plaintiffs' are incorrect about this fundamental fact, the City is entitled to judgment on the pleadings.

Plaintiffs have provided no well-pled facts to support the existence of any of the alleged policies of the City. Plaintiffs have not presented a story that holds together. Plaintiff has simply regurgitated boilerplate language in the hopes of getting to discovery.

In the wake of *Iqbal* and *McCauley*, many courts in this district have dismissed similarly deficient *Monell* claims for failure to meet the minimum pleading standards under Federal Rule of Civil Procedure 8. See, e.g., *Starks v. City of Waukegan*, 2013 WL 2243089, 09 C 348 (N.D.Ill. May 21, 2013)(Feinerman, J.)(dismissing *Monell* claim because it was "nothing more than conclusory boilerplate."); *Kowalski v. County of DuPage*, 2013 WL 4027049 2013 C 526 (N.D.Ill. Aug. 7, 2013) (Kocoras, J.)(noting that a plaintiff cannot add *Monell* boilerplate allegations and proceed to discovery in the hope of turning up some evidence to support his claims); *Echezarreta v. Kemmeren*, 2013 WL 4080293, 10 C 50092 (N.D.Ill. Aug. 13, 2013)(Kapala, J.)(dismissing *Monell* claims because plaintiff did "not assert any additional facts to elucidate any 'customs' or 'practices'" but left the "claims unsupported and speculative in nature") ; *Sheppard v. Village of Glendale Heights*, 2011 WL 6102012, 11 C 1044 (N.D.Ill. Dec. 5, 2011)(Holderman, J.)(dismissing a *Monell* claim for merely repeating conclusory allegations of racial and gender discrimination); *Annan v. Village of Romeoville*, 2013 WL 673484, 12 C 3577 (N.D.Ill. Feb. 25, 2013)(Kendall, J.) (dismissing *Monell* claims because plaintiff's "failure to allege any facts that would support the existence of a municipal policy); *Adedeji v. Cobble*, 2013 WL 449592, 10 C 0892 (N.D.Ill. Feb. 5, 2013)(Keys, J.); *Travis v. City of Chicago*, 2012 WL 2565826, 10 C 3011 (N.D.Ill. June 29, 2012)(Gottschall, J.)(dismissing *Monell* claim because Plaintiff failed to 'give enough details" about the alleged policy "to present a story that holds together"); *Smith v. Preston*, 2012 WL 698889, 11 C 2945 (N.D.Ill. Feb. 29, 2012)(Der-Yeghiayan, J.)(dismissing a *Monell* claim for failure to merely providing general allegations as to certain policies and practice); Bowen v. Sullivan, 2012 WL 2116121, 11 C 6865, (N.D.Ill. June 8, 2012)(Darrah, J.)(dismissing a *Monell* claim for "merely conclusory" allegations, among other reasons). *Edwards v. Joliff-Blake et al.*, 13 C 4558 (N.D.Ill. Feb. 26, 2014)(dismissing

*Monell* claim for only offering generalized or implausible allegations). *Barrow v. City of Chicago et al.*, 2014 WL 1612712, 13 C 8779 (N.D.Ill. April 21, 2014)(St. Eve, J.); *Hill et al. v. City of Chicago et al.*, 2014 WL 1978407, 13 C 4847 (N.D.Ill. May 14, 2014)(Ellis, J.).

A recent decision sums up the problem with the sort of *Monell* claims Plaintiff has raised. In *Armour v. Country Club Hills*, 2014 WL 63850 (N.D.Ill. Jan. 8, 2014), the Court reasoned that the problem with that plaintiff's allegations is "they encompass virtually all the activities of a police department and every contact it has with the public. [The Plaintiff] has lumped together myriad 'customs' and 'policies' and the scope of discovery relevant to his claims is boundless. The allegations are in no way tailored to identify particular police training procedures or policies. In other words, discovery relevant to [Plaintiff's] allegations would be the epitome of a fishing expedition." *Id*. at *7. Every word of the *Armour* court's reasoning applies with equal force to the case at bar.

In *Johnson v. Cook County*, 526 Fed.Appx. 692 (7th Cir. 2013), an inmate sought to hold Cook County for liable for a sexual assault by one of its employees under three possible theories. *Id*. at 695. Plaintiff first alleged Cook County should be held liable because of a widespread practice of allowing medical personnel to being alone with persons in custody. *Id*. Second, the plaintiff alleged Cook County failed to staff the jail properly knowing that it would increase the chances detainees would become victims of violence. *Id*. Third, Plaintiff alleged a so-called "code of silence" – that Cook County "encouraged the suppression of complaints of misconduct to cover up inadequacies in the supervision and treatment of detainees, thus maintaining an atmosphere and climate where inmates are subjected to an unreasonable risk of violence and sexual violence." *Id*. The Seventh Circuit held that the *Monell* claims were properly dismissed at the pleading stage. *Id*. at 697. The Seventh Circuit found that each of these allegations did not,

and could not, show that the alleged practice was the moving force behind the harm. *Id.* at 695-696. In particular, the Seventh Circuit held that "Even if Cook County had a history of suppressing complaints – which it vigorously contests – that cannot be the moving force behind the sexual assault that occurred here. The link between the cause alleged and the harm that occurred is much too attenuated. … We are not convinced that any set of facts could support Johnson's allegations that Hill sexually assaulted Johnson as a direct result of a 'widespread custom or policy.'" *Id.* at 696.

The reasoning the Seventh Circuit applied in *Johnson* should apply to this case as well. Any proposed link would be much too remote to be the moving force behind the conduct alleged. Like the Seventh Circuit reasoned, there is no set of facts that could support the notion of the shooting at issue in the case at bar occurring as a result of a widespread custom or practice.

WHEREFORE, the City asks for judgment on the pleadings in its favor, or in the alternative, for Plaintiffs' claims to be dismissed.

Dated: May 30, 2014                                    Respectfully submitted,

                                                       STEPHEN R. PATTON
                                                       Corporation Counsel of the City of Chicago

                                                       By: /s/Raoul Vertick Mowatt
                                                       Assistant Corporation Counsel

30 N. LaSalle Street, Suite 900
Chicago, IL  60602
(312) 744-3283
Attorney No: 6302587