ARDC No. 6209658

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE S. CASTELLANOS, as Independent Executor of the Estate of ESAU CASTELLANOS, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO POLICE OFFICER SHAWN LAWRYN, CHICAGO POLICE OFFICER JUAN MARTINEZ and CITY OF CHICAGO, a Municipal Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 14 C 01841 ) ) ) ) (JURY DEMANDED) ) ) ) |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES, MICHELLE S. CASTELLANOS, as Independent Executor of the Estate of ESAU CASTELLANOS, Deceased by and through her attorneys, O'CONNOR & NAKOS, and in complaining of the Defendants, CHICAGO POLICE OFFICER SHAWN LAWYRN, CHICAGO POLICE OFFICER JUAN MARTINEZ and CITY OF CHICAGO, a Municipal Corporation, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. Sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff's decedent, ESAU CASTELLANOS, was an individual in the United States. He is represented in this action by MICHELLE S. CASTELLANOS, his adult daughter,

and the Independent Administrator of the Estate of Esau Castellanos, on behalf of Michelle S. Castellanos, individually and on behalf of Luis Castellanos and Gabriella Castellanos, the minor children of ESAU CASTELLANOS. MICHELLE S. CASTELLANOS is the duly appointed Independent Administrator of Plaintiff's Estate.

4. Defendants, CHICAGO POLICE OFFICER SHAWN LAWRYN ("LAWRYN") and CHICAGO POLICE OFFICER JUAN MARTINEZ ("MARTINEZ"), were at all times material hereto duly appointed Chicago Police Officers employed by the CITY OF CHICAGO acting in the capacity of sworn law enforcement officials.

5. Defendant, the CITY OF CHICAGO (the "CITY") is, and at all times material hereto was, a municipal corporation duly organized and existing under the laws of the State of Illinois, located in Cook County, Illinois.

## FACTUAL SUMMARY

6. On March 16, 2013, at approximately 2:55 a.m. ESAU CASTELLANOS was driving in a car which was proceeding eastbound on Wilson Avenue at or about Kimball Avenue and east of Kimball in Chicago, Illinois.

7. As the plaintiff's vehicle proceeded eastbound there was ultimately a series of auto collisions.

8. During the course of the above-stated events and after, Defendants, LAWRYN and MARTINEZ during the course of their employment did shoot Plaintiff's decedent multiple times causing his death.

9. Defendants, LAWRYN and MARTINEZ, claimed to have been shot at and actually hit by Plaintiff's decedent, ESAU CASTELLANOS. However, ESAU CASTELLANOS did not have a gun. Upon information and belief, Defendants protective vests were inventoried and no such bullet hole exists.

10. After being shot by police multiple times Plaintiff's decedent was handcuffed by Defendants to the steering wheel of the car that he had been driving. Plaintiff's decedent was later determined by the Cook County Medical Examiner/Coroner Certificate of Death to be the victim of a homicide caused by being shot by Chicago Police.

11. The CITY, through the Chicago Police Department, and pursuant to various Chicago Police Department policies and procedures, conducted a purported investigation of the shooting of ESAU CASTELLANOS and continue to do so.

12. The purported investigation of the shooting of ESAU CASTELLANOS as conducted by the Chicago Police Department, pursuant to the policies and procedures of the Chicago Police Department is believed to be still under investigation.

## COUNT I
### (Excessive Force LAWRYN and MARTINEZ

13. Plaintiff realleges paragraphs 1 through 12, as if fully set forth at this point.

14. The acts of the Defendants, LAWRYN and MARTINEZ, were a deliberate and malicious deprivation of Plaintiff's Decedent, ESAU CASTELLANOS' Constitutional rights as guaranteed to the Plaintiff's Decedent by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

15. As a direct and proximate result of the wrongful acts of Defendants, LAWRYN and MARTINEZ, Plaintiff's decedent suffered great bodily injury, which resulted in his death.

16. ESAU CASTELLANOS sustained conscious pain and suffering prior to this death as the direct and proximate result of the Defendants' willful and wanton conduct in refusing the Plaintiff critical medical care despite his knowledge of ESAU CASTELLANOS' serious medical condition and obvious need for immediate medical treatment. ESAU CASTELLANOS would have been entitled to receive compensation from the Defendants had he survived.

17. MICHELLE S. CASTELLANOS, Individually and as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, LUIS CASTELLANOS and GABRIELLA CASTELLANOS, minor children of ESAU CASTELLANOS, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

WHEREFORE, Plaintiff, MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, asks judgment against Defendants, LAWRYN, MARTINEZ and the CITY and for an award of compensatory damages in a sum sufficient to compensate the Plaintiff for the injuries he sustained; for an award of punitive damages in an amount sufficient to deter future misconduct; together with an award of reasonable attorneys fees and the cost of this action.

## COUNT II
### (Wrongful Death)

18. Plaintiffs re-allege paragraphs 1-12 of Plaintiffs' complaint, as if fully set forth at this point.

19. That on March 16, 2013 and for sometime prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference

to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

20. That MICHELLE S. CASTELLANOS, the adult daughter of ESAU CASTELLANOS, has been appointed Independent Administrator of the Estate of ESAU CASTELLAOS on behalf of herself as the adult daughter of ESAU CASTELLANOS, and on behalf of LUIS A CASTELLANOS and GABRIELLA CASTELLANOS, the minor children of ESAU CASTELLANOS, for the purpose of prosecuting this action.

21. That ESAU CASTELLANOS, deceased, left surviving, his adult daughter, MICHELLE CASTELLANOS, his minor son, LUIS A. CASTELLANOS, and his minor daughter, GABRIELLA CASTELLANOS, who as a consequence of said acts or omissions of the defendants, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

WHEREFORE, the Plaintiff, MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, demands judgment be entered against the Defendants, LAWRYN, MARTINEZ, and the CITY, for an award of punitive damages in an amount sufficient to deter future misconduct in a dollar amount sufficient to compensate the Plaintiff's together with the costs of this suit.

## COUNT III
**(City of Chicago)**

22. Plaintiff realleges paragraphs 1 through 12, as if fully set forth at this point.

23. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, the CITY OF CHICAGO. The CITY maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendants, LAWRYN and MARTINEZ, and their supervisors.

24. The Defendant, CITY, through its subsidiary the Chicago Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY.

25. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers against civilian citizens of Chicago.

26. The failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for the illegal use of excessive force, is the proximate cause of frequent injuries to and the death of civilian citizens, including Plaintiff, ESAU CASTELLANOS.

27. At the time of this occurrence and prior thereto, the CITY, through the Chicago Police Department, utilized the Detective Division to ostensibly investigate incidents in which Chicago Police Officers, including fellow members of the Detective Division, use deadly force resulting in death or great bodily injury to civilian citizens. The investigation by Chicago Police Detectives and other Police personnel of the use of deadly force by other Chicago Police Officers, including members of the Detective Division, creates a transparent conflict of interest which improperly influences the investigative process and the decisions that flow there from.

28. As a part of its policy or custom of failing to properly or legitimately investigate the use of deadly force by Chicago Police Officers, the Department commonly classifies as "justified" the use of deadly force by Chicago Police Officers under facts and circumstances in which a citizen using deadly force under the same circumstances, would have been charged

criminally for the very conduct which is deemed "justified" when committed by a Chicago Police Officer.

29. A principal facet of the unlawful policies and customs employed by the CITY is the fact that in many, if not all material respects, the Chicago Police Department investigates the use of deadly force differently, and far less stringently, when a Chicago Police Officer is the one using deadly force, then when it investigates the use of deadly force by a civilian citizen.

30. The manner in which the purported investigation of the use of deadly force by Defendants, LAWRYN and MARTINEZ, was conducted, is representative of the disparity in investigations of the use of deadly force by police officers as compared with investigations of the use of deadly force by citizens. Examples of the disparity in the method and manner of the investigation include the following:

(a) Despite the fact that Defendants' shot Plaintiff's decedent multiple times and then handcuffed him to the steering wheel and did not get him medical attention in a timely manner. Despite Defendants' claim of being shot at and actually shot combined with their being no gun in the possession and no bullet holes in the Defendants or their gear;

(b) It is believed that the police never presented the evidence obtained from their investigation to the States Attorney's Office for an independent evaluation and for consideration of potential criminal charges against Defendants, LAWRYN and MARTINEZ, as is always done in a shooting by a civilian citizen.

31. The failure and refusal by the CITY, through the Department, to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, signals a tolerance by the CITY of the improper use of deadly force by Chicago Police Officers, and constitutes a deliberate indifference by the CITY to such conduct.

32. By its policies of non-feasance and deliberate indifference in the aforementioned areas, the CITY, through the Chicago Police Department, let it be known to its supervisors and

officers, such as Defendants LAWRYN and MARTINEZ, that the CITY, condoned ratified and, by virtue thereof encouraged, the unwarranted and illegal use of deadly force by said officers.

33. The failure and refusal by the CITY, through the Department, to investigate the use of deadly force by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of the use of such force by civilian citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded civilian citizens.

34. The acts and omissions of the Defendant, the CITY, through the policies and procedures implemented by the Chicago Police Department, were a deliberate and malicious deprivation of ESAU CASTELLANOS' Constitutional rights as guaranteed to the Plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

35. As a direct and proximate cause of the wrongful acts of Defendant, CITY, ESAU COSTELLANOS, suffered great bodily injury, which resulted in his death.

36. ESAU CASTELLANOS sustained conscious pain and suffering prior to this death as the direct and proximate result of the Defendants' willful and wanton conduct in refusing the Plaintiff critical medical care despite his knowledge of ESAU CASTELLANOS' serious medical condition and obvious need for immediate medical treatment. ESAU CASTELLANOS would have been entitled to receive compensation from the Defendants had he survived.

37. MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

WHEREFORE, Plaintiff, MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, asks judgment against the CITY and for an award of compensatory damages in a sum sufficient to compensate the Plaintiff for the injuries he sustained; together with an award of reasonable attorneys fees and the cost of this action, and such other equitable relief as this Honorable Court deems necessary and just.

## COUNT IV
### (State Law Claim: Indemnification)

38. Plaintiffs re-allege and incorporate paragraphs 1 through 38 above as if fully stated herein.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for conduct committed within the scope of their employment activities. 735 ILCS 10/9-102.

40. The Defendants, LAWRYN and MARTINEZ were employees of the CITY and, at all times relevant hereto, was acting within the scope of his employment as a sworn police officer when he committed the misconduct described herein.

41. Defendant, the CITY, is thereby liable for any sum awarded to Plaintiff for compensatory damages, fees and costs, for misconduct alleged herein.

42. ESAU CASTELLANOS sustained conscious pain and suffering prior to this death as the direct and proximate result of the Defendants' willful and wanton conduct in refusing the Plaintiff critical medical care despite his knowledge of ESAU CASTELLANOS' serious medical condition and obvious need for immediate medical treatment. ESAU CASTELLANOS would have been entitled to receive compensation from the Defendants had he survived.

43. MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

WHEREFORE, MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, demand judgment be entered against Defendant, the CITY, in the dollar amount awarded to Plaintiff for compensatory damages, pursuant to its statutory obligation to indemnify Defendants, LAWRYN and MARTINEZ.

Respectfully Submitted,

/s/ Daniel V. O'Connor\
One of Plaintiff's Attorneys

DANIEL V. O'CONNOR\
O'CONNOR & NAKOS, LTD.\
120 N. LaSalle Street, 35th Floor\
Chicago, IL  60602\
(312) 546-8100\
doconnor@oconnornakos.com

## **CERTIFICATE OF SERVICE**

  The undersigned, being first duly sworn on oath, deposes and states that on July 17, 2014, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

                /s/Daniel V. O'Connor_____