IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE CASTELLANOS, Individually, and as Independent Executor of the Estate of ESAU CASTELLANOS, Deceased<br><br>Plaintiffs,<br><br>vs.<br><br>CHICAGO POLICE OFFICER SHAWN LAWRYN, CHICAGO POLICE OFFICER JUAN MARTINEZ, and CITY OF CHICAGO, a Municipal Corporation,<br><br>Defendant. | Case No. 14 CV 01841<br><br>JUDGE DARRAH<br><br>Magistrate Judge Kim<br><br>JURY DEMAND |

**DEFENDANT CITY OF CHICAGO'S ANSWER, JURY DEMAND
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant City of Chicago ("the City"), through its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, for its answer, jury demand, and affirmative defenses to Plaintiff's Second Amended Complaint, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**ANSWER**: Upon information and belief, the City admits this action was filed pursuant to 42 U.S.C. Section 1983 for allegations Plaintiff is asserting against the City of Chicago, and Chicago Police Officers Juan Martinez and Shawn Lawryn. The City admits this Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 1343. The City denies that Plaintiff's constitutional rights

were violated and further deny any wrongdoing.

2. Venue in this district is proper pursuant to 28 U.S.C. Sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

3. Plaintiff's decedent, ESAU CASTELLANOS, was an individual in the United States. He is represented in this action by MICHELLE S. CASTELLANOS, his adult daughter, and the Independent Administrator of the Estate of Esau Castellanos, on behalf of Michelle S. Castellanos, individually and on behalf of Luis Castellanos and Gabriella Castellanos, the minor children of ESAU CASTELLANOS. MICHELLE S. CASTELLANOS is the duly appointed Independent Administrator of Plaintiff's Estate.

**ANSWER**: Upon information and belief, the City admits at the time of his death, Esau Castellanos was an individual in the United States. The City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained herein.

4. Defendants, CHICAGO POLICE OFFICER SHAWN LAWRYN ("LAWRYN") and CHICAGO POLICE OFFICER JUAN MARTINEZ ("MARTINEZ"), were at all times material hereto duly appointed Chicago Police Officers employed by the CITY OF CHICAGO acting in the capacity of sworn law enforcement officials.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

5. Defendant, the CITY OF CHICAGO (the "CITY") is, and at all times material hereto was, a municipal corporation duly organized and existing under the laws of the State of Illinois, located in Cook County, Illinois.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

## FACTUAL SUMMARY

6. On March 16, 2013, at approximately 2:55 a.m. ESAU CASTELLANOS was driving in a car which was proceeding eastbound on Wilson Avenue at or about Kimball Avenue and east of Kimball in Chicago, Illinois.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

7. As the plaintiff's vehicle proceeded eastbound there was ultimately a series of auto collisions.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

8. During the course of the above-stated events and after, Defendants, LAWRYN and MARTINEZ during the course of their employment did shoot Plaintiffs decedent multiple times causing his death.

**ANSWER**: Upon information and belief, the City admits that at all times relevant to the complaint, Defendants Lawryn and Martinez were acting in the course of their employment. The City admits that Defendants Lawryn and Martinez each fired their weapons in the direction of Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made and contained in this paragraph.

9. Defendants, LAWRYN and MARTINEZ, claimed to have been shot at and actually hit by Plaintiffs decedent, ESAU CASTELLANOS. However, ESAU CASTELLANOS did not have a gun. Upon information and belief, Defendants protective vests were inventoried and no such bullet hole exists.

**ANSWER**: Upon information and belief, the City admits Defendants Lawryn and Martinez believed they were shot at during their interaction with Esau Castellanos. The City denies that Defendant Martinez's vest was inventoried, but admits Defendant Lawryn's vest was inventoried. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made and contained in this paragraph.

10. After being shot by police multiple times Plaintiff's decedent was handcuffed by Defendants to the steering wheel of the car that he had been driving. Plaintiff's decedent was later determined by the Cook County Medical Examiner/Coroner Certificate of Death to be the victim of a homicide caused by being shot by Chicago Police.

**ANSWER**: Upon information and belief, the City denies Defendant Lawryn, Defendant Martinez or it handcuffed plaintiff to the steering wheel. The City lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

11. The CITY, through the Chicago Police Department, and pursuant to various Chicago Police Department policies and procedures, conducted a purported investigation of the shooting of ESAU CASTELLANOS and continue to do so.

**ANSWER**: Upon information and belief, the City admits that an investigation was started of the incident and continues, but denies that it was solely or primarily through the Chicago Police Department and that it was a "purported" investigation.

12. The purported investigation of the shooting of ESAU CASTELLANOS as conducted by the Chicago Police Department, pursuant to the policies and procedures of the Chicago Police Department is believed to be still under investigation.

**ANSWER**: Upon information and belief, the City admits the investigation of the shooting of Esau Castellanos is still under investigation, but denies that the Chicago Police Department is solely or primarily investigating the shooting and that the investigation was a "purported" one.

## COUNT I
### (Excessive Force LAWRYN and MARTINEZ)

13. Plaintiff realleges paragraphs 1 through 12, as if fully set forth at this point.

**ANSWER**: The City restates its answers to paragraphs 1 -12 of Plaintiff's Second Amended Complaint as though its answers to this paragraph were fully set forth herein.

14. The acts of the Defendants, LAWRYN and MARTINEZ, were a deliberate and malicious deprivation of Plaintiff's Decedent, ESAU CASTELLANOS' Constitutional rights as guaranteed to the Plaintiff's Decedent by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

15. As a direct and proximate result of the wrongful acts of Defendants, LAWRYN and MARTINEZ, suffered great bodily injury, which resulted in his death.

**ANSWER**: Upon information and belief, the City admits Esau Castellanos died but denies Defendant Lawyrn and Martinez's acts were wrongful as well as the remaining allegations contained in this paragraph because these allegations constitute a legal conclusion and contains a vague, incomplete, and/or inaccurate statement of law.

16. ESAU CASTELLANOS sustained conscious pain and suffering prior to his death as the direct and proximate result of the Defendants' willful and wanton conduct in refusing the plaintiff critical medical care despite his knowledge of ESAU CASTELLANOS' serious medical condition and obvious need for immediate medical treatment. ESAU CASTELLANOS would have been entitled to receive compensation from the Defendants had he survived.

**ANSWER**: Upon information and belief, the City lacks sufficient knowledge or information to form a belief as to as whether or not the decedent suffered pain prior to his death. Upon information and belief, the City denies its actions or those of Defendants Lawryn and Martinez were willful and wanton as well as the remaining allegations contained in this paragraph because these allegations constitute a legal conclusion and contains a vague, incomplete, and/or inaccurate statement of law.

17. MICHELLE S. CASTELLANOS, Individually and as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, LUIS CASTELLANOS and GABRIELLA CASTELLANOS, minor Children of ESAU CASTELLANOS, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

**ANSWER**: Upon information and belief, the City admits that Michelle Castellanos purports to be the Independent Administrator of the Estate of Esau Castellanos. The City denies that Luis Castellanos and Grabriella Castellanos are proper plaintiffs in this action, as only an estate is permitted to file suit under the Illinois Survival Act. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

## COUNT II
### (Wrongful Death)

18. Plaintiffs re-allege paragraphs 1-12 of Plaintiffs' complaint, as if fully set forth at this point.

**ANSWER:** The City restates its answers to paragraphs 1-12 of Plaintiffs' Complaint as though its answers to this paragraph were fully set forth herein.

19. That on March 16, 2013 and for sometime prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

**ANSWER**: Upon information and belief, the City denies that Plaintiff has stated the law fully and accurately, but admits that the Illinois Wrongful Death Act was in effect on March 16, 2013.

20. That MICHELLE S. CASTELLANOS, the adult daughter of ESAU CASTELLANOS, has been appointed Independent Administrator of the Estate of ESAU CASTELLANOS on behalf of herself as the adult daughter of ESAU CASTELLANOS, and on behalf of LUIS A CASTELLANOS and GABRIELLA CASTELLANOS, the minor children of ESAU CASTELLANOS, for the purpose of prosecuting this action.

**ANSWER**: Upon information and belief, the City admits that Michelle Castellanos purports to be the Independent Administrator of the Estate of Esau Castellanos. The City denies that Luis

Castellanos and Gabriella Castellanos are proper Plaintiffs in this action, as only an estate is permitted to file suit under the Illinois Wrongful Death Act. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made and contained in this Paragraph.

21. That ESAU CASTELLANOS, deceased, left surviving, his adult daughter, MICHELLE CASTELLANOS, his minor son, LUIS A. CASTELLANOS, and his minor daughter, GABRIELLA CASTELLANOS, who as a consequence of said acts or omissions of the defendants, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

**ANSWER**: Upon information and belief, the City denies Plaintiff or decedent's minor son or daughter suffered injuries as result of any unlawful actions by Defendant Lawryn and Martinez. The City lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

## COUNT III
### (City of Chicago)

22. Plaintiff realleges paragraphs 1 through 12, as if fully set forth at this point.

**ANSWER:** The City restates its answers to paragraphs 1 through 12, as if fully set forth at this point.

23. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, the CITY OF CHICAGO. The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendants, LAWRYN and MARTINEZ, and their supervisors.

**ANSWER:** Upon information and belief, the City admits that the Chicago Police Department is one of its divisions. The remainder of this paragraph contains a vague, incomplete, and/or inaccurate statement of the law and is therefore denied.

24. The Defendant, City, through its subsidiary, the Chicago Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY.

**ANSWER:** The City makes no answer to this paragraph as its allegations are vague and ambiguous.

25. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or the refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers against civilian citizens of Chicago.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

26. The failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for the illegal use of excessive force, is the proximate cause of frequent injuries to and the death of civilian citizens, including Plaintiff, ESAU CASTELLANOS.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

27. At the time of this occurrence and prior thereto, the City, through the Chicago Police Department, utilized the Detective Division to ostensibly investigate incidents in which Chicago Police Officers, including fellow members of the Detective Division, use deadly force resulting in death or great bodily injury to civilian citizens. The investigation by Chicago Police

Detectives and other Police personnel of the use of deadly force by other Chicago Police Officers, including members of the Detective Division, creates a transparent conflict of interest which improperly influences the investigative process and the decisions that flow there from.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

28. As part of its policy or custom of failing to properly or legitimately investigate the use of deadly force by Chicago Police Officers, the Department commonly classifies as "justified" the use of deadly force by Chicago Police Officers under facts and circumstances in which a citizen using deadly force under the same circumstances, would have been charged criminally for the very conduct which is deemed "justified" when committed by a Chicago Police Officer.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

29. A principal facet of the unlawful policies and customs employed by the City is the fact that, in many, if not all material respects, the Chicago Police Department investigates the use of deadly force differently, and far less stringently, when a Chicago Police Officer is the one using deadly force, then when it investigates the use of deadly force by a civilian citizen.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

30. The manner in which the purported investigation of the use of deadly force by Defendants, LAWRYN and MARTINEZ, was conducted, is representative of the disparity in investigations of the use of deadly force by police officers as compared with investigations of the use of deadly force by citizens. Examples of the disparity in the method and manner of the investigation include the following:

(a) Despite the fact that Defendants' shot Plaintiff's decedent multiple times and then handcuffed him to the steering wheel and did not get him medical attention in a timely manner. Despite Defendants' claim of being shot at and actually shot combined with their being no gun in the possession and no bullet holes in the Defendants or their gear;

(b) It is believed that the police never presented evidence obtained from their investigation to the States Attorney's Office for an independent evaluation and for consideration of potential criminal charges against Defendants, LAWRYN and MARTINEZ, as is always done in a shooting by a civilian citizen.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

31. The failure and refusal by the City, through the Department, to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, signals a tolerance by the City of the improper use of deadly force by Chicago Police Officers, and constitutes a deliberate indifference by the City to such conduct.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

32. By its policies of non-feasance and deliberate indifference in the aforementioned areas, the City, through the Chicago Police Department, let it be known to its supervisors and officers, such as Defendants LAWRYN and MARTINEZ, that the City, condoned ratified and, by virtue thereof encouraged, the unwarranted and illegal use of deadly force by said officers.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

33. The failure and refusal by the City, through the Department, to investigate the use of deadly force by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of the use of such force by civilian citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded civilian citizens.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

34. The acts and omissions of the Defendant, the City, through the policies and procedures implemented by the Chicago Police Department, were a deliberate and malicious deprivation of ESAU CASTELLANOS' Constitutional rights as guaranteed to the Plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

35. As a direct and proximate cause of the wrongful acts of Defendant, City, ESAU COSTELLANOS, suffered great bodily injury, which resulted in his death.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

36. ESAU CASTELLANOS sustained conscious pain and suffering prior to this death as the direct and proximate result of Defendants' willful and wanton conduct in refusing the Plaintiff critical medical care despite his knowledge of ESAU CASTELLANOS' serious medical condition and obvious need for immediate medical treatment. ESAU CASTELLANOS would have been entitled to receive compensation for the Defendants had he survived.

**ANSWER:** Upon information and belief, the City denies the allegations contained in this paragraph.

37. MICHELLE S. CASTELLANOS, as Independent Administrator of the Estate of ESAU CASTELLANOS, Deceased, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

**ANSWER:** Upon information and belief, the City admits the allegations contained in this paragraph.

## COUNT IV
### (State Law Claim: Indemnification)

38. Plaintiffs re-allege and incorporate paragraphs 1 through 38 above as if fully stated herein.

**ANSWER**: The City restates its answers to paragraphs 1-38 of Plaintiff's Complaint as though its answers were set forth fully herein.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for conduct committed within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

40. The Defendants, LAWRYN and MARTINEZ were employees of the CITY and, at all times relevant hereto, was acting within the scope of his employment as a sworn police officer when he committed the misconduct described herein.

**ANSWER**: Upon information and belief, the City admits that Defendants Lawryn and Martinez were employees of the City and were acting within the scope of their employment at all times relevant to this complaint. The City denies that Defendants Lawryn and Martinez committed any misconduct.

41. Defendant, the CITY, is thereby liable for any sum awarded to Plaintiff for

compensatory damages, fees and costs, for misconduct alleged herein.

**ANSWER:** The City denies the allegations contained in this paragraph.

42. ESAU CASTELLANOS sustained conscious pain and suffering prior to his death as the direct and proximate result of the Defendants' willful and wanton conduct in refusing the plaintiff critical medical care despite his knowledge of ESAU CASTELLANOS' serious medical condition and obvious need for immediate medical treatment. ESAU CASTELLANOS would have been entitled to receive compensation from the Defendants had he survived.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to as whether or not the decedent suffered pain prior to his death. Upon information and belief, the City denies its actions or those of Defendant Lawryn and Martinez were willful and wanton. The City further denies the remaining allegations contained in this paragraph because these allegations constitute a legal conclusion and contains a vague, incomplete, and/or inaccurate statement of law.

43. MICHELLE S. CASTELLANOS, as Independent Administrator or the Estate of ESAU CASTELLANOS, Deceased, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph.

## JURY DEMAND

The City demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint is insufficiently pled under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and its progeny.

2. The City is not liable to Plaintiff for any state law claims for which its employees are not liable to Plaintiff. 745 ILCS 10/2-109.

3. The City is not liable to Plaintiff for any federal claim for which its employees are not liable to Plaintiff. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

4. Plaintiff and Plaintiff's decedent are under a duty to mitigate damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's decedent's failure to take reasonable action to minimize those damages.

5. Plaintiff is not entitled to attorney's fees for her state law claims. *Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.,* 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166; 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill.App.3d 160, 171; 642 N.E.2d 475, 485 (4th Dist. 1994).

6. To the extent Plaintiff seeks to use the Illinois Survival Act, 755 ILCS 5/27-6, to name and recover damages for the Decedent's purported children, Gabrielle Castellanos and Luis Castellanos, they are not entitled to recover damages from this action. In Illinois, "[o]nly the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act. *Abiola v. Abubakar*, 02 C 6093, 2003 WL 22012220, *2 (N.D. Ill. Aug. 25, 2003).

Dated: September 29, 2014

Respectfully submitted,

**By:** /s/Raoul Vertick Mowatt
Raoul Vertick Mowatt
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3283

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2014, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filings to all counsel of record.

                                                         /*s*/ Raoul Vertick Mowatt